GARRISON, Judge,
dissenting and assigning reasons.
I dissent from the majority’s reversal of the judgment of the trial court.
The issue before us concerns the application of standards by reviewing bodies. With regard to the City Civil Service Commission, an administrative body, its governing standard with regard to evaluating cases which come before it for decision— with regard to the promulgation of its policies and with regard to its subsequent actions — is that it act reasonably, which is to say not arbitrarily nor capriciously.
On the other hand, the governing standard of this Court of Appeals — with regard to a district court case which comes before it for review — is represented by the test as to whether or not the court below did or did not commit manifest error. Cantor v. Koehring, Co., 283 So.2d 716 (La., 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
The precise question before this court, then, was whether or not the trial judge below committed manifest error in his judgment that the administrative agency— whose hearing it reviewed — ácted in a manner (to quote from Judge Connolly’s judgment) which was: “arbitrarily and capricious, unreasonable and discriminatory. ” (Emphasis added.)
While these respective standards — ours for the review of the trial court's decision and the judge’s for the review of the administrative agency — may appear to be essentially parallel, they are not, nevertheless, identical standards. This may be emphasized by reversing — for the sake of argument — the evaluative standards of the trial court and the administrative body. It was not, for example, our precise task simply to determine whether or not the judge acted capriciously or arbitrarily any more than was it his precise task to determine whether or not the Civil Service Commission had committed manifest error.
It is respectfully submitted that whatever standard the majority applied to its review of the City Civil Service Commission’s actions, it was not that of manifest error. More specifically, to employ the phrase of our mandate in the Arceneaux case, there was no basis for the majority’s conclusion that Judge Connolly’s finding of fact was “clearly wrong.” (Emphasis supplied.) The trial court’s Reasons for Judgment (which I adopt by reference and make a part hereof)[1] when considered against the background of the record, make it clear that in his recitation of the law, his interpretation of the facts and his application of the law to the facts — while some may disagree with his conclusion even as others agree — there is no sound basis for concluding that he was clearly wrong with regard to his conclusion. Therefore, in my judgment, our mandate required that we not disturb his factual finding with regard to the declaratory judgment sought by plaintiff.
I do not disagree with the majority’s denial of injunctive relief, for the reasons stated in its opinion, but I would affirm the trial court’s declaratory judgment.[2]
*1283 And, in further accord with that conclusion, I would grant the retroactive benefits prayed for by petitioners and prevented by the Civil Service Commission, including any promotion earned, any back pay which additionally would have been earned and any other benefits which would have been acquired by plaintiffs were my view to represent the majority.
APPENDIX A
Civil District Court for the Parish of Orleans
State of Louisiana
No. 79-6514 Division J Docket No. 5
Police Officer Ronald J. Cannatella and Police Officer Howard P. Robertson
vs
City Civil Service Commission of The City of New Orleans
REASONS FOR JUDGMENT
This matter was heard on May 11, 1979. Plaintiffs petitioned the Court for injunc-tive and/or declaratory relief regarding the refusal of the defendant, City Civil Service Commission to allow the plaintiff police officers any credit for their time-in-service while in the employ of the City of New Orleans Police Department as police cadets. Plaintiffs contend that, but for the defendant, Commission’s refusal to grant them credit for “time-in-service” within the Police Department during their employ as police cadets, plaintiffs would not have been passed over for promotion by others who had actually less time than they as police employees in the City of New Orleans Police Department.
The City of New Orleans Civil Service Commission is the duly authorized body to promulgate rules and regulations for the orderly administration of the City Civil Service Department, including the New Orleans Police Department.
It is a basic principle of law that all rules and policies of any administrative body must be reasonable, i. e., not arbitrary and capricious.
The “policy” of not allowing any credit for time served as a Police Cadet does not meet the basic standards of reasonableness. The testimony adduced at the trial on the merits indicates that although' Police Cadets were not licensed to carry firearms, they were in all other respects police officers, both in their appearance and dress, and their assignments and responsibilities. This is not to say they were full-fledged Police Patrolmen. Their scope and characterizations were the same as Police Recruits and other Police Trainees who did receive credit for time-in-service for purposes of the Police Sergeant Examination.
Even though the “policy” was allegedly not based on Age — the only distinction between a Police Recruit and a Cadet was age, that is, a Recruit was recruited at age 20 years, and a Cadet was allowed to enter the Department at the completion of high school (17-18-19 years of age).
It is noted that at Age 20 years, the Police Cadet was neither given additional physical, mental nor psychological tests and was administratively promoted to Police Patrolman upon reaching 20 years of age.
The testimony supports the contention that Police Cadets did substantially the same work and duties of other probationary police officers, such as Police Recruits. Recruits were given full credit for time served as probationary police officers. It would necessarily follow that Police Cadets should be recognized as a class of Police Officer and receive similar credits for time-in-service for the “Sergeant’s Examination”. 40% of the total grade on this examination is calculated on time-in-service. This is an important consideration. Therefore, time served as a Police Cadet could conceivably make a substantial difference in a police officer’s ranking on the Sergeant’s list.
The failure of the Civil Service Commission to grant credit for time-in-service had the effect of denying the full benefits of this career oriented program, which had for *1284 its purpose the recruitment and integration of young police officers who could not ordinarily qualify for police service, because of lack of age requirement, into the Department of Police.
The testimony reflects that Police Cadets were given full recognition for purposes of Police Pension and Tenure, whereas the Police Cadets were denied any recognition of time-in-service for purposes of the “Sergeant’s Examination”. This policy has the effect of arbitrarily and capriciously denying Police Cadets the same rights and seniority enjoyed by other Police Officers; and in the Court’s opinion there is no reasonable basis for this distinction, insofar as the difference between a Police Cadet’s responsibilities and duties and that of a Police Recruit or other probationary police officer is negligible.
The Court should refrain and is mandated from precipitously substituting its decision for that of a duly authorized Commission. However, the Court cannot condone a policy which is, in addition to being arbitrary and capricious, unreasonable and discriminatory in its application to those' people who were actively recruited as Police Cadets and who are required to take promotional examinations, where time-in-service is an important factor, in order to further their “career” as a member of the New Orleans Police Department.
/s/ George C. Connolly. Jr.
JUDGE
New Orleans, La.
May 14, 1979
State of Louisiana
Civil District Court for the Parish of Orleans
No. 79-6514 Division “J” D.ocket #5
Police Officer Ronald J. Cannatella and Police Officer Howard P. Robertson
vs
City Civil Service Commission of the City of New Orleans
JUDGMENT
This cause came on this day for trial on petition for injunctive relief filed May 2, 1979.
Present: Sidney M. Bach, attorney for plaintiff
Ralph D. Dwyer, attorney for defendant
When, after hearing the pleadings, evidence and stipulation by and between counsel and for the written reasons to be filed and made part of the record;
IT IS ORDERED, ADJUDGED AND DECREED that a permanent writ of injunction issue herein, ás prayed for, according to law, and that the declaratory relief prayed for herein be granted.
JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT MAY 11, 1979
/s/ George C. Connolly. Jr.
JUDGE

. See Appendix A.

. It should be noted that this case is essentially sui generis, in the sense that the New Orleans Police Department no longer has “cadets.” *1283 The point, of course, is that the issue in this case, in any event, would remain one confined to this sole case and does not constitute one from which any “ripple” effect', broadening out into the Department, should be anticipated.